

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| TEMPLETON CHINA WORLD FUND, INC., TEMPLETON DRAGON FUND, INC., and TEMPLETON ASSET MANAGEMENT, LTD., | * * |
| Plaintiffs, | * |
| v. | * Civil Action No. JFM 03-CV-275 |
| PRESIDENT AND FELLOWS OF HARVARD COLLEGE, HARVARD MANAGEMENT COMPANY, INC., and STEVEN ALPERIN, | * * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### STIPULATION AND PROTECTIVE ORDER

The parties hereto, by their undersigned counsel, pursuant to Federal Rule of Civil Procedure 26(c)(7) and Local Rule 104(13), hereby enter into this Stipulation and Protective Order to protect the confidentiality of material that constitutes trade secrets, confidential proprietary business or financial information, or other confidential research, development or commercial information that may be exchanged during the course of the above-captioned action. The parties therefore stipulate and agree as follows:

1. Any party may designate as "Confidential" or "Confidential - Counsel's Eyes Only" any documents being produced, interrogatory answers, responses to requests for admission, deposition testimony or transcripts (or portions thereof), information or other written, recorded or graphic matter produced or disclosed in this litigation that the party considers to be subject to protection under this Protective Order.

2. Information or materials of the types described in Paragraph 1 may be designated as Confidential or Confidential-Counsel's Eyes Only if, in the discretion of the



producing or any other party, such party believes, in good faith, that the information or material constitutes or contains information that includes: (i) a trade secret, (ii) competitively sensitive or proprietary or other non-public financial or commercial information, (iii) personal financial or other information, and/or (iv) information as to which the producing party is under a legal, ethical or contractual obligation to maintain in confidence (hereinafter collectively referred to as "Confidential Information"). If a document or information so designated by one party is independently obtained by another party from a third party who has no legal, ethical or contractual obligation to maintain its confidentiality, such document or information need not be treated as Confidential Information. To facilitate the use of discoverable information and lessen administrative burdens, designations as Confidential Information shall be used selectively.

3. Information or materials duly designated as Confidential Information in accordance with the procedures set forth in this Stipulation and Protective Order (the "Order") shall be utilized only in connection with this litigation, cannot be used for trading or investment purposes, and access shall be restricted solely to the following persons:

  (a)   the attorneys for the parties herein;

  (b)   secretaries, paralegals, assistants, and clerical personnel who are engaged in assisting counsel in the preparation and prosecution or defense of this action;

  (c)   the named parties, including any officer, director, employee, agent or representative of the named parties but only for use in the preparation, prosecution or defense of this litigation;

  (d)   those persons specified in Paragraph 12 who meet the conditions of this Order;

(e) any potential deponent or actual deponent, in the course of preparation for or during his or her deposition, provided that such a person may be shown or informed of Confidential Information only during the course of preparation for his or her testimony or in the actual course of the deposition, may not retain any Confidential Information, and must be informed of the confidential nature of the materials;

(f) court reporters and employees of court reporters engaged by counsel of record to transcribe testimony in connection with this case; and

(g) the Court and employees of the Court.

4. During the course of this litigation, some Confidential Information requested for production may be of such a highly confidential nature that it will require greater protection. Such highly confidential material may include highly sensitive commercial, financial or trade secret information and may be designated as Confidential - Counsel's Eyes Only. For information or material designated Confidential - Counsel's Eyes Only, access shall be restricted solely to persons identified in Paragraphs 3(a), 3(b), 3(f) and 3(g) of this Order, the producing party, and any person indicated on the face of the document to be its originator, its author or a recipient of the information or materials. In all other respects, any information or materials designated as Confidential - Counsel's Eyes Only shall be subject to and treated in accordance with the provisions of this Order relating to information or materials designated as Confidential. It is understood that the Confidential - Counsel's Eyes Only designation is an exceptional designation and is to be used in good faith only to the extent believed to be necessary.

5. With respect to documents, interrogatory answers, responses to requests for admission, information, or other written, recorded or graphic matter that the producing party considers to be confidential and covered by this Order, the producing party shall designate

such information or materials Confidential Information at the time of production by marking the document containing the information "Confidential" or "Confidential - Counsel's Eyes Only," unless otherwise agreed by the parties. (This Order fully applies to documents so designated prior to the entry of this Order.) Inadvertent production of any document, interrogatory answer, response to a request for admission, deposition testimony or transcripts, information, or other written, recorded or graphic matter without it having been designated as Confidential or Confidential - Counsel's Eyes Only shall not itself be deemed a waiver of any claim of confidentiality (or privilege), provided that the inadvertently producing party notifies the receiving parties within thirty (30) days of the entry of this Order or the production of the document or material in question, whichever is later, that the production was inadvertent. If more than thirty (30) days have elapsed, the same may be designated as Confidential or Confidential - Counsel's Eyes Only by agreement between the parties or by filing a motion with the Court.

6. Information disclosed at a deposition may be designated as Confidential or Confidential - Counsel's Eyes Only by either (a) indicating on the record at the deposition the portions of the testimony that are so designated and subject to the provisions of this Order, or (b) by notifying all parties or counsel who attended such deposition in writing within three (3) days of receipt of the transcript and, to the extent that depositions have already been taken and the transcripts have been received, within three (3) days of the date of the entry of this Order, as to those pages and lines that are so designated. Until expiration of a three (3) day period from receipt of a transcript, all information disclosed at the deposition

shall be treated as Confidential information, subject to this Order and protected from disclosure, by the party taking the deposition.

7.   No document or other information designated as Confidential or Confidential - Counsel's Eyes Only (whether portions of documents, depositions, discovery responses, graphic or recorded material, or otherwise) shall be filed with the Court except under seal as described below. In addition, no pleading or memorandum that contains, quotes from, or describes any information so designated shall be filed with the Court except under seal as described below.

8.   All information designated as Confidential or Confidential - Counsel's Eyes Only that is filed with the Court in this action and all portions of pleadings and memoranda that contain, quote from, or describe any information so designated shall be filed in sealed envelopes or other appropriate sealed containers on which shall be endorsed the caption of this action, a generic designation of the contents of such sealed envelope or other container, the word "CONFIDENTIAL - SUBJECT TO STIPULATION AND ORDER DATED __ _____, 2003" and words in substantially the following form:

> "This envelope [or container] contains the above-identified
> papers filed in this case by [name of party] that includes
> Confidential Information subject to this Court's Order and shall
> not be opened nor the contents hereof displayed or revealed to
> anyone other than the Court or Court employees except by
> Court Order or by agreement of the parties."

Pursuant to Local Rule 104(13), whenever materials subject to this Order (or any pleading, motion or memorandum referring to them) are proposed to be filed with the Court under seal, the party making such filing must simultaneously submit a motion and accompanying

proposed order pursuant to, and in compliance with, L.R. 105(11). At the end of the litigation, the Clerk may return to counsel or destroy any sealed material.

9. The persons identified in Paragraph 3 are prohibited from disclosing any information designated as Confidential or Confidential - Counsel's Eyes Only to any other person or entity or using any such information, except (a) as provided herein, (b) as otherwise agreed upon in writing by the parties to this action, or (c) as permitted by order of this Court.

10. Third parties, including witnesses, who provide discovery in this action may invoke all provisions of this Order as to that discovery and the parties to this action will treat all documents or materials designated by such third parties as Confidential or Confidential - Counsel's Eyes Only in accordance with the terms of this Order.

11. Any person identified in subparagraphs 3(c), 3(d), 3(e) or 3(f) to whom information designated as Confidential or Confidential - Counsel's Eyes Only is disclosed pursuant to Paragraph 3 or Paragraph 4 shall be provided a copy of this Order or otherwise instructed regarding the contents of this Order and directed not to make copies nor to reveal the contents of such Confidential Information for any purpose other than as permitted in this Order or a subsequent order of this Court.

12. Information designated as Confidential or Confidential - Counsel's Eyes Only pursuant to this Order may be shown to consultants and experts retained for the purpose of assisting in the preparation, prosecution or defense of this action on the condition that, before making disclosure, the party must obtain a confidentiality agreement in writing (in substantially the form of Exhibit A hereto) from the consultant or expert. A copy of the

signed agreement shall be retained by counsel for the party making disclosure to the expert or consultant, and shall be shown to opposing counsel upon a showing of good cause. Nothing in this Order, however, shall be construed as requiring any party to reveal the identity of such consultants and experts to opposing counsel at any time other than as otherwise required under the Federal Rules of Civil Procedure or any order of this Court.

13. The information or materials designated as Confidential or Confidential - Counsel's Eyes Only pursuant to this Order, and the contents thereof, shall not be used for any purpose other than for the preparation, prosecution or defense of this action, except as modified by subsequent agreement of the parties or order of this Court.

14. A party objecting to a Confidential or Confidential - Counsel's Eyes Only designation shall have forty-five (45) days from receipt of the document or information to provide written notice of the objection to counsel for the designating party. The parties shall undertake to resolve the disagreement informally, but failing such resolution shall present the matter to the Court within thirty (30) days of the objection. The burden of persuasion shall be on the party seeking confidentiality. The objecting party shall preserve the confidentiality of the documents or information which are the subject of the disagreement until the Court disposes of the dispute.

15. Neither the failure to designate information as Confidential or Confidential – Counsel's Eyes Only, nor the failure to object to a designation at a given time, shall preclude the filing of a motion at a later date that seeks to impose such designation, or that challenges the propriety of such designation. Once designated Confidential or Confidential – Counsel's

Eyes Only, the information shall be treated as Confidential Information, subject to this Order, pending disposition by the Court of any such motion.

16. Nothing in this Order shall be deemed to be a waiver of any party's right to oppose production or admissibility of any information or documents on any ground, including, without limitation, burden, lack of timeliness of the request, lack of relevance, lack of materiality, as a privileged communication, as work product, or as not calculated to lead to the discovery of admissible evidence. Moreover, nothing in this Order shall preclude a party from seeking such additional protection with regard to confidentiality as that party may deem appropriate.

17. Nothing in this Order shall limit a producing party's use of its own documents or information in any way nor shall anything herein prevent any producing party from disclosing its own documents or information to any person. Such disclosures shall not affect any Confidential or Confidential – Counsel's Eyes Only designation made pursuant to this Order so long as the confidentiality of the information is maintained.

18. It shall not be deemed a violation of any of the terms of this Order for a party to produce information in response to a subpoena or order of any court or governmental agency that requires production of Confidential Information <u>provided</u> that: (a) the party that is the recipient of the subpoena or the subject of the order shall promptly notify the party who originally designated the information requested as Confidential Information; (b) said notification shall be made <u>prior</u> to making production pursuant to the subpoena or order; and (c) the party receiving such subpoena or that is subject to the order shall employ good faith efforts to secure confidential treatment, whether by protective order or otherwise, under

terms as restrictive as this Order, for any Confidential Information eventually produced in compliance with the subpoena or order.

19. Consistent with Paragraph 5 hereof, the inadvertent production of any document or information protected by the attorney-client privilege, work product doctrine and/or any other applicable privilege or protection from disclosure shall not constitute a waiver of any such privilege, doctrine or protection. Upon receipt of notice of such inadvertent production from the producing party, the receiving party shall, within three (3) business days of such notice, return all copies of such document(s) and/or information to the producing party other than copies containing attorney's notes or other attorney work product that may have been placed thereon by counsel for the receiving party and shall destroy all copies that contain such notes or other attorney work product. Only after such return/destruction may the receiving party apply to the Court for resolution of the producing party's claim of privilege (but such application may not argue waiver as a result of the inadvertent production).

20. It is contemplated by this Order that the materials covered by this Order shall be treated as Confidential Information even after the termination of this action. Upon final termination of this action, unless otherwise agreed to in writing by an attorney of record for the party designating material as Confidential Information, the parties, their counsel and other persons subject to the terms of this Order, including but not limited to experts and/or consultants, shall be under an obligation <u>either</u> to assemble and return to the producing party, <u>or</u> to destroy (and to certify such in writing to the producing party) all materials and documents produced and designated as Confidential Information as well as all copies,

summaries and abstracts thereof, and all other material, memoranda or documents embodying or containing such Confidential Information; provided, however, that counsel for each party may retain one complete set of documents filed with the Court and/or served in this action, but Confidential Information contained therein may only be used in connection with dealings and/or disputes related to the present action between the parties or their successors and in accord with this Order.

21. Any party may seek a modification of this Order at any time by filing an appropriate motion with the Court.

Presented and Agreed to by:

ROSENBERG PROUTT FUNK & GREENBERG, LLP

By: _____
Benjamin Rosenberg, Bar # 00265
Douglas J. Furlong, Bar # 04588
Craig L. McCullough, Bar # 015005
25 South Charles Street, Suite 2115
Baltimore, Maryland 21201
(410) 727-6600 (telephone)
(410) 727-1115 (facsimile)

- and -

Joseph S. Allerhand
Richard L. Levine
Haron W. Murage
Jonathan Margolis
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
(212) 310-8000 (telephone)
(212) 833-3928 (facsimile)

*Attorneys for Plaintiffs*

By: /s/ David Clarke, Jr. / By DJF, with permission
David Clarke, Jr., Bar # 02177
PIPER RUDNICK LLP
1200 Nineteenth Street, N.W.
Washington, D.C. 20036
(202) 861-3900 (telephone)
(202) 223-2085 (facsimile)

- and -

Harvey J. Wolkoff
Robert Jones
ROPES & GRAY
One International Place
Boston, Massachusetts 02110
(617) 951-7000 (telephone)
(617) 951-7050 (facsimile)

*Attorneys for Defendants*

SO ORDERED, this 11th day of February, 2003.

_____
J. Frederick Motz
United States District Judge

11

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| TEMPLETON CHINA WORLD FUND, INC., TEMPLETON DRAGON FUND, INC., and TEMPLETON ASSET MANAGEMENT, LTD., | * * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No. JFM 03-CV-275 |
| PRESIDENT AND FELLOWS OF HARVARD COLLEGE, HARVARD MANAGEMENT COMPANY, INC., and STEVEN ALPERIN, | * * | |
| Defendants. | * | |

* * * * * * * * * * * * * * * * * * * * * *

## ACKNOWLEDGEMENT AND CONFIDENTIALITY AGREEMENT

I acknowledge that I have read and that I understand the Stipulation and Protective Order entered in this action and hereby agree to abide by its terms and conditions. I also understand that any violation of the Order by me or anyone acting under my direction may subject me to penalties for contempt of Court.


Date:_____          _____
                                           Signature


                                           _____
                                           Address


0168749.01


**Exhibit A**